

**U.S. Department of Justice**

Environment and Natural Resources Division

*Environmental Defense Section*  *Telephone (202) 305-5105*
*P.O. Box 7611*  *Facsimile (202) 514-8865*
*Washington, DC  20044*

December 22, 2023

VIA ELECTRONIC FILING

Christopher M. Wolpert, Clerk of the Court
U.S. Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

      Re:    *State of Oklahoma v. EPA*, No. 23-9514 & consolidated cases

Dear Mr. Wolpert:

      The Fifth Circuit's decisions in *Calumet* and *Wynnewood* do not support Petitioners' arguments.  *Calumet* held that an EPA action was not nationally applicable because it did not directly operate in "all states."  *Calumet* Opinion at 11.  This reading "does violence to the structure and language of the statute."  *Id*. at 35 (Higginbotham, J., dissenting) (noting intracircuit conflict with *Texas 2011*, which deemed nationally applicable a SIP call directly operating in only 13 states).  *Id*. at 33-34.  In contrast to *Calumet*, the Third, Seventh, and Tenth Circuits each transferred challenges to the *same* EPA action to the D.C. Circuit.  *Id.* at 38.  Here, consistent with this Court's holding in *ATK*, EPA's Disapproval was nationally applicable because it applied to 21 far-flung states.

      Judge Higginbotham explained that alternatively, the challenged action was based on a determination of nationwide scope or effect, because the core determinations underlying it were nationwide; they applied to all regulated entities regardless of location, even though EPA necessarily considered each individual petition.  *Id.* at 37.  The same is true here: although EPA evaluated each SIP on its merits, it relied on multiple determinations of nationwide scope or effect in doing so.  *See* EPA Br. at 29-32.

      *Wynnewood* supports EPA, not Petitioners. *Wynnewood* held an EPA action was based on a determination of nationwide scope or effect where it addressed a "collective impact."  *Wynnewood* Opinion at 7.  Here, EPA analyzed the "collective" impact of ozone-

forming pollutants, determining based on nationwide analysis that 21 states failed to allocate their share of "collective contribution" to other states' ozone problems.  *See* EPA Br. at 28.

*Calumet*'s merits holdings are irrelevant; here, EPA has already explained why the Disapproval did not retroactively apply new requirements to Oklahoma—principally because Oklahoma's submission was deficient on its own terms, the state was linked to downwind receptors under *every* iteration of EPA modeling, and there was no policy change in EPA's application of the 2018 memoranda.  *See id.* at 38-55.

This Court should transfer the pending petitions.

        Sincerely,

        */s/ Alex J. Hardee*
        Alex J. Hardee

cc: Counsel of Record, via CM/ECF